Filed in Madison District Court
*** EFILED ***
Case Number: D07CI140000152
Transaction ID: 0001193204
Filing Date: 04/16/2014 03:53:18 PM CDT

IN THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA

| | |
|---|---|
| RANDALL CLAUSEN and PEGGY CLAUSEN, | CASE NO.: CI 14- |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| RESERVE NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

COME NOW Plaintiffs and for their causes of action state as follows:

1. Plaintiff, Peggy Clausen, is a resident of Madison County, Nebraska, currently residing at 502 East Bluff, Norfolk, Madison County, Nebraska.

2. Plaintiff, Randall Clausen, is a resident of Madison County, Nebraska, currently residing at 502 East Bluff, Norfolk, Madison County, Nebraska.

3. Defendant, Reserve National Insurance Company, is a corporation duly organized and existing under the laws of the State of Oklahoma. Defendant is an insurance company in the business of providing insurance coverage.

4. On or about March 9, 2010, the Plaintiff, Randall Clausen, signed an Application for Insurance Coverage with Defendant.

5. On or about March 9 2010, the Plaintiff, Peggy Clausen, signed an Application for Insurance Coverage with Defendant.

6. The agent who represented Reserve National Insurance Company in both of these applications/transactions was Michael Wachtel.

7. Mr. Wachtel made numerous representations and assurances regarding the insurance coverage Plaintiffs were purchasing from Defendant. His statements included such things as "it was the best insurance available" and it had lifetime deductibles and once the deductible was met, you will never incur further costs. Furthermore, Mr. Wachtel cited numerous examples which highlighted that everything was covered 100%.

8. Plaintiffs in this cause of action previously had insurance with Blue Cross Blue Shield to provide their medical coverage needs.

9. Defendant was aware that Plaintiffs were replacing their Blue Cross Blue Shield insurance with Defendant's insurance policy.

10. Defendant's agent, Mr. Wachtel, specifically told the Plaintiffs that Defendant's insurance was better than the policy they had with Blue Cross Blue Shield.

11. In February 2012 Plaintiff, Peggy Clausen, underwent surgery. Shortly after the surgery, Plaintiffs became aware that the policy represented to them by Mr. Wachtel was not the same coverage they were now afforded. This was the first time Plaintiffs became aware of the deficiencies in the coverage and misrepresentations provided to them from Defendant.

12. In March 2012, Defendant's field representative, Larry Gardner, informed Plaintiffs that Mr. Wachtel had some claims against him.

13. Due to the poor coverage afforded, and the misrepresentations provided to them, the Plaintiffs have incurred substantial costs and damage.

## COUNT I

### Breach of Contract

14. Plaintiffs reallege and incorporate herein by reference paragraphs one through 13 of this Complaint.

15. Plaintiff, Randall Clausen, is a resident of the City of Norfolk, County of Madison, State of Nebraska.

16. Plaintiff, Peggy Clausen, is a resident the City of Norfolk, County of Madison, State of Nebraska.

17. Defendant, Reserve National Insurance Company, is a corporation in the business of providing insurance coverage and doing business in the City of Norfolk, County of Madison, State of Nebraska.

18. On or about March 9, 2010, Plaintiffs entered in to a contract whereby Defendant was to sell and issue Plaintiffs an insurance policy for their medical needs.

19. Plaintiffs complied with all conditions precedent to Defendant's performance under said contract by paying all sums due for the policy of insurance.

20. Defendant breached the contract described above by failing to provide the insurance coverage that was sold to Plaintiffs and failing to provide all benefits due or owed to Plaintiffs.

21. Defendant's breach of contract is material and in no way constitutes substantial performance under the terms of such contract.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

A. Damages in an amount to be determined at trial caused by Defendant's breach of contract.

B. Such costs and other relief as the Court may deem proper.

## COUNT II
### Fraudulent Misrepresentation

22. Plaintiffs reallege and incorporate herein by reference paragraphs one through 21 of Plaintiffs' Complaint.

23. That the Defendant and/or its agent, Michael Wachtel, made numerous representations regarding the scope and the quality of the insurance coverage being provided.

24. The misrepresentations that were made by Defendant and/or its agent, Michael Wachtel, were false.

25. The false representations of Defendant and/or its agent, Michael Wachtel, were made fraudulently.

26. When Defendant and/or its agent, Michael Wachtel, made the representations referred to above, the Defendant intended that the Plaintiffs would rely on said representations while they procured their insurance from Defendant.

27. The Plaintiffs did rely on the numerous representations made by Defendant and/or its agent, Michael Wachtel.

28. That all times the Plaintiffs' reliance on the representations made by Defendant and/or its agent, Michael Wachtel, were reasonable.

29. That the representations made by Defendant and/or its agent Michael Wachtel, was the proximate cause of damage to Plaintiffs.

30. That based on the nature and extent of these representations, the Plaintiffs have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

A. Damages in an amount to be determined at trial caused by Defendant's fraudulent misrepresentations.

B. Such other costs and further relief as the court may deem proper.

## COUNT III

### Negligence

31. Plaintiffs reallege and incorporate herein by reference paragraphs one through 30 of this Complaint.

32. That Defendant and/or its agent, Michael Wachtel, owed a duty of care to Plaintiffs regarding the procurement of Plaintiffs' insurance policy from Defendant.

33. That the Defendant and/or its agent, Michael Wachtel, breached the duty of care owed to Plaintiffs by failing to properly explain and/or procure the necessary insurance for Plaintiffs.

34. That based on this breach by the Defendant and/or its agent, Michael Wachtel, Plaintiffs have suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, as follows:

A. Damages in an amount to be determined at trial caused by Defendant's negligence.

B. Such costs and other relief as the Court may deem proper.

## COUNT IV

### Unfair Claims Settlement Practice

35. Plaintiffs reallege and incorporate herein by reference paragraphs one through 34 of this Complaint.

36. That Defendant and/or its agent, Michael Wachtel, violated Neb. Rev. Stat. § 44-1540 *Unfair Claims Settlement Practices Act* in various ways including, but not limited to, knowingly misrepresenting to the Plaintiffs relevant facts or policy provisions relating to the coverage at issue.

37. That based on this violation of the *Unfair Claims Settlement Practices Act* by Defendant and/or its agent, Michael Wachtel, Plaintiffs have suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

A. Damages in an amount to be determined at trial caused by Defendant's violation of the *Unfair Claims Settlement Practices Act*;

B. Attorney fees for such violation;

C. Such other costs and other relief as the court may deem proper.

DATED this 16th day of April 2014.

                              RANDALL CLAUSEN and PEGGY CLAUSEN, Plaintiffs

BY: _____
Raymond R. Aranza, #18523
Kirk B. Thompson, #24988
MARKS CLARE & RICHARDS, LLC
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154
(402) 492-9800
raranza@mcrlawyers.com
kthompson@mcrlawyers.com
ATTORNEYS FOR PLAINTIFFS

5

N:\WDOX\CLIENTS\21304\000\PLEA\00118111.DOCX6